```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                    SOUTH BEND DIVISION

STEVIE DAVIS,                  )
                               )
Petitioner,                    )
                               )
vs.                            )     NO. 3:06-CV-560
                               )
WALTER E. MARTAIN,             )
                               )
Respondent.                    )
```

## OPINION AND ORDER

This matter is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody Seeking Review of a Prison Disciplinary Sanction, filed by Petitioner, Stevie Davis, on September 14, 2006.  For the reasons set forth below, the habeas corpus petition is **DENIED** pursuant to section 2254 Habeas Corpus Rule 4.


DISCUSSION

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Davis raises four grounds attempting to challenge his demotion to credit class 2 and 180 day loss of good time in case MCF-06-05-0055

on May 16, 2006, by the Miami Correctional Facility Disciplinary Hearing Board ("DHB").  At that hearing he was found guilty of trafficking in violation of A-113.

Sufficiency of the Investigation

First, Davis argues that the investigation was inadequate and violated the Adult Disciplinary Policy because: (1) he was not interviewed as a part of the tobacco trafficking investigation; (2) the investigation did not determine the exact date and time that he engaged in trafficking; (3) the investigator stated that he was placed in segregation in early 2006 when, in fact, he was placed in segregation in late 2005; (4) the investigation lasted longer than 45 days without approval of the facility head; and (5) he never received a copy of the investigation.  Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) guarantees the opportunity to testify at his hearing, it does not guarantee the right to be interviewed during an investigation. And, while *Wolff* requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it does not require exact dates and times of either when tobacco was transferred or when Davis was placed in segregation.  Neither does *Wolff* dictate how long an investigation can last nor require that he see the evidence against him.  *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) ("no right to confront or cross-examine adverse witnesses in his disciplinary proceeding.")  Consequently, Davis' complaints

-2-

surrounding the sufficiency of the investigation are without merit.

Timeliness of the Conduct Report

Second, Davis argues that the Conduct Report was written too long after the trafficking occurred.  He alleges that this violates the Adult Disciplinary Policy. Habeas corpus relief is only available for the violation of a federal right.  28 U.S.C. § 2254(a).  This court cannot grant habeas corpus relief based on the violation of a prison rule, therefore in this proceeding, it is not relevant whether such a rule was violated.  See Estelle v. McGuire, 502 U.S. 62 (1991).

Sufficiency of the Evidence

Third, David argues that the evidence is not sufficient to support finding him guilty of trafficking. He argues that there is no physical proof that tobacco was brought into the facility, but that is irrelevant.  "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess

-3-

> the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, as Davis repeats several times, a staff member admitted to trafficking tobacco with him. That admission by the staff member is much more than merely some evidence of his guilt. Consequently, this claim must fail.

<u>Petitioner's Evidence</u>

Fourth, Davis argues that he was not allowed to present evidence. He requested:

> All documentary and physical evidence

-4-

>    including (1) Documents of steps taken throughout the investigation, reasons for any delays and/or continuances and decisions made by the facility head due to delays and/or continuances (2) Pictures, notes, or memorandums if any (3) Audio tape of Aramart worker Fletcher's interview with Ms. L. Harbaugh (4) and all other evidence used to support this conduct report.

Attach. to Pet., Docket 1-2 at 3.  Though *Wolff* requires that Davis be permitted to submit evidence in his defense, irrelevant, repetitive, or unnecessary evidence need not be considered.  *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002).  As previously discussed, the duration of the investigation and the procedural methods for extending it are not relevant as to whether Davis trafficked tobacco.  Therefore it was unnecessary for the DHB to review such material.

The three other enumerated types of requested evidence (which include pictures, notes, tapes, and reports) can be briefly summarized as Davis did in #4, "evidence used to support this conduct report." Docket 1-2 at 3.  Though the Court does not have the confidential internal affairs file which contains this evidence (if it exists at all), obtaining the file could not possibly be of any benefit.  Though Davis argues that he does not know if the DHB reviewed these materials because they did not do so in front of him, his hearing was postponed at his request so that they could do so.  Furthermore, the DHB specifically identifies the confidential file as a basis for their decision.  The Court's review of the file itself could not provide any additional proof that the DHB considered his requested evidence.  That

is to say, Davis requested evidence, the DHB adjourned to review that evidence, the DHB stated in their report of the hearing that they relied on that evidence.  *Wolff* requires that Davis be permitted to submit evidence to the board and he did.  Due process requires nothing more.

CONCLUSION

For the reasons set forth above, the habeas corpus petition is **DENIED** pursuant to section 2254 Habeas Corpus Rule 4.

**DATED:  November 1, 2006**             /s/RUDY LOZANO, Judge
                                         **United States District Court**